IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae,<br><br>  Plaintiff,<br><br>vs.<br><br>Attorney Susan McGill, Sgt. N. Shelley, Sgt. E. Sieban, Cpl. Russell, Stacy Lee, Ned L. Polk, Tonya Brown, Chief Kimberly Marlow, Corporal J. Head, Florence Police Department,<br><br>  Defendants. | Case No.: 4:25-cv-10476-JD-TER<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 18.) The Report concerns the Magistrate Judge's initial screening review of Plaintiff's pleadings under 28 U.S.C. § 1915(e)(2)(B) and addresses Plaintiff's motion for injunctive relief.[1] (DE 13; DE 18.)

**A.    Background**

The Report sets forth the relevant facts and screening standards, which the Court incorporates by reference. (DE 18 at 1–3.) Plaintiff Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae ("Plaintiff"), proceeding pro se and in forma

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

pauperis, brings this action primarily under 42 U.S.C. § 1983 against multiple defendants based on events surrounding an encounter with law enforcement, his arrest, and related allegations. (DE 18 at 1–2, 6.)

Plaintiff filed an Amended Complaint after being advised of deficiencies in his original pleading, and the Magistrate Judge conducted an initial screening review under 28 U.S.C. § 1915(e)(2)(B) to determine whether the Amended Complaint states plausible claims and whether any defendants or claims must be dismissed at the outset. (DE 18 at 2, 1–3.) As summarized in the Report, Plaintiff alleges that certain Florence Police officers used excessive force during an encounter, including pointing a rifle at him and forcibly removing him from a vehicle, and he further alleges misconduct during the incident. (DE 18 at 6–7.) Plaintiff also alleges conduct by Defendant Polk—the Report explains that Defendant Polk appears to be a private actor—supporting potential supplemental state-law theories. (DE 18 at 7.)

**B.    Report and Recommendation**

In the Report, the Magistrate Judge recommends partial dismissal of Plaintiff's Amended Complaint at the screening stage. (DE 18 at 7.) Specifically, the Report recommends that Defendants McGill, Lee, Brown, Marlow, and the Florence Police Department be summarily dismissed with prejudice and without issuance and service of process because they are not proper § 1983 defendants and/or because the Amended Complaint fails to allege sufficient facts to state a plausible claim for relief against them under the applicable pleading standards. (DE 18 at 3–6, 7.)

The Report further concludes that, liberally construed, Plaintiff's allegations are sufficient at this procedural stage to withstand summary dismissal as to

Defendants Head, Shelley, Sieban, and Russell on Plaintiff's excessive-force allegations, and notes that service and issuance of summons as to those defendants has been authorized by separate order. (DE 18 at 6–7.) As to Defendant Polk, the Report explains that Polk appears to be a private actor and that it is not clear on the allegations whether his conduct is fairly attributable to the State for § 1983 purposes; however, the Report concludes that, at this stage and liberally construing the allegations, Polk may be intertwined in the underlying events and Plaintiff may have stated supplemental state-law claims such that Polk also withstands summary dismissal, with service likewise authorized by separate order. (DE 18 at 7.)

Finally, the Report addresses Plaintiff's motion for "protective order, injunctive relief, and financial assistance" and recommends denial without prejudice because the motion contains an unclear mixed caption, appears to seek relief unrelated to the allegations in this action (including references to matters involving nonparties and a separate case), and may be refiled, if appropriate, in proper form. (DE 18 at 7–8.)

**C.     Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

3

(4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**D.     Plaintiff's Objections**

Plaintiff filed a document docketed as an objection to the Report. (DE 25.) Plaintiff also filed a motion seeking disqualification or reassignment of the Magistrate Judge and related relief. (DE 23.) Plaintiff further filed a "Notice and Master Motion" requesting overlapping relief, including disqualification and injunctive relief. (DE 37.) The Court construes DE 25, together with the overlapping requests in DE 23 and DE 37, as objections to the extent they challenge the Report and as motions to the extent they seek disqualification or injunctive relief. (DE 23; DE 25; DE 37.)

None of these filings identifies any specific portion of the Report to which Plaintiff objects or sets forth a developed basis for concluding that the Magistrate Judge's screening analysis is erroneous. (DE 25; DE 37.) Instead, Plaintiff largely reiterates and expands upon factual allegations, raises additional claims and legal theories not presented in the screened pleading, and requests relief beyond the scope of objections to the Report. (DE 25; DE 37.) For example, Plaintiff captions a section as "SEVEN ADMINISTRATIVE/PROCEDURAL DENIAL ERRORS (WITH REMEDIES)" and asserts "Failure/Refusal to Serve Named Defendants" and "Bias/Misrepresentation in Recommendations/Orders," while requesting

4

disqualification/removal and reassignment, service on all unserved defendants, and TRO/protective relief, including body-camera-related relief. (DE 37 at 4, 8–9.)

Such generalized filings are insufficient to trigger de novo review. Objections must be specific and must direct the Court to the particular findings or recommendations to which the party objects. (DE 18 at 9.) In the absence of specific objections, the Court reviews the Report for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Even affording Plaintiff's submissions the liberal construction due pro se litigants, the Court finds no clear error in the Magistrate Judge's recommendation. (DE 18.) Plaintiff's filings do not address—much less cure—the deficiencies identified in the Report as to Defendants McGill, Lee, Brown, Marlow, and the Florence Police Department, including the absence of plausible § 1983 allegations against those defendants and/or the lack of a proper § 1983 defendant. (DE 18 at 3–6, 7.)

To the extent Plaintiff seeks disqualification or reassignment of the Magistrate Judge (and related relief), the request is conclusory and unsupported by facts demonstrating personal bias or other grounds warranting recusal or reassignment, and it is therefore denied. (DE 23; DE 37 at 3–4, 9.)

To the extent Plaintiff seeks injunctive relief or related expedited relief, the Court adopts the Report's recommendation to deny the motion for injunctive relief without prejudice. (DE 18 at 7–8.) Plaintiff's subsequent filings do not provide a basis to disturb that recommendation. (DE 23; DE 37.)

Accordingly, Plaintiff's objections are overruled.

### E.  Conclusion

Accordingly, after a thorough review of the Report and Recommendation, the record, and the applicable law, the Court finds no clear error. (DE 18.) Plaintiff's objections are overruled. (DE 25.) The Report is adopted in its entirety. (DE 18.)

IT IS THEREFORE ORDERED that this action is summarily dismissed, with prejudice and without issuance and service of process, as to Defendants McGill, Brown, Lee, Marlow, and the Florence Police Department. (DE 18.)

IT IS FURTHER ORDERED that this action shall proceed as to Defendants Head, Shelley, Sieban, and Russell on Plaintiff's excessive-force claims, and as to Defendant Polk on Plaintiff's state-law claims, and the Clerk is authorized to issue and serve process accordingly. (DE 18.)

IT IS FURTHER ORDERED that Plaintiff's motion for injunctive relief is denied without prejudice. (DE 18; DE 13.) Plaintiff's request for disqualification or reassignment is denied. (DE 23; DE 37.)

**IT IS SO ORDERED**.

Florence, South Carolina
February 27, 2026

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.